**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| WILLIAM C. VALENTINE, | : | Case No. 3:10-cv-470 |
| Plaintiff, | | District Judge Walter H. Rice |
| | : | Magistrate Judge Michael J. Newman |
| vs. | | |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| Defendant. | : | |

**REPORT AND RECOMMENDATION[1] THAT (1) DEFENDANT'S MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO FED. R. CIV. P. 59(e) (DOC. 16) BE DENIED; AND (2) THIS CASE REMAIN TERMINATED ON THE COURT'S DOCKET**

This matter is before the Court upon Defendant's motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e) (doc. 16)[2] and Plaintiff's response thereto (doc. 17). Defendant challenges the Court's Decision and Entry adopting the undersigned's Report and Recommendation (doc. 10), entering judgment in favor of Plaintiff, reversing the Commissioner's decision, and remanding the case to the Commissioner for an award of Supplemental Security Income benefits.  Doc. 13.

"A motion under Rule 59(e) is not an opportunity to re-argue a case." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998).  The Court may alter a judgment based on (1) a clear error of law; (2) newly discovered evidence; (3) an intervening

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.
[2] Defendant's motion was timely filed within the 28-day deadline.  This motion could also be construed as a motion for reconsideration under Rule 59(e).  *See Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 393, 395 (6th Cir. 2007).  Regardless of how this motion is construed, the Court's analysis nonetheless remains the same – that the motion should be denied.

change in controlling law; or (4) a need to prevent manifest injustice. *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010).

Defendant's argument – that the Court committed "clear legal error" in awarding benefits instead of remanding the case to the Commissioner for further proceedings – is unavailing. Defendant essentially disagrees with the Court's interpretation of the facts in this case, rather than truly complaining of a "clear legal error." The law is clear that the Court has the authority to remand for an immediate award of Social Security disability benefits when "all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *See Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985). As more fully discussed in the undersigned's Report and Recommendation, such is the case here. *See* doc. 10.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Defendant's motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e) (doc. 16) be **DENIED**; and

2. This case remain **TERMINATED** on the Court's docket.

August 24, 2012                          s/ **Michael J. Newman**
United States Magistrate Judge

## **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B)(C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).