IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| WILLIAM C. VALENTINE, | : | Case No. 3:10-cv-470 |
| Plaintiff, | | District Judge Walter H. Rice |
| | : | Magistrate Judge Michael J. Newman |
| vs. | | |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| Defendant. | : | |

### REPORT AND RECOMMENDATION[1]

On March 19, 2012, Judge Rice adopted the undersigned's Report and Recommendation, reversing and remanding this case, under Sentence Four, for an award of benefits. Docs. 10, 13. This matter is back before the Court pursuant to a motion filed by Plaintiff's counsel for an award of attorney's fees under the Social Security Act.[2] Doc. 22. Plaintiff's counsel requests the Court to authorize a 25% contingency fee award in the amount of $10,644.00. *Id.* In support of her motion, counsel has attached the contingency fee agreement between Plaintiff and counsel (doc. 22-3) and counsel's affidavit attesting to her legal background and the services she, her co-counsel, and staff rendered on behalf of Plaintiff (doc. 22-1). Further, counsel has submitted a

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.
[2] Plaintiff's counsel mistakenly requests attorney's fees under 42 U.S.C. § 406(b), the provision permitting an award of attorney's fees for successful DIB claims under Title II of the Social Security Act. In this case, Plaintiff was awarded only SSI benefits, not DIB benefits. *See* docs. 10, 13. His benefits were thus awarded pursuant to Title XVI of the Social Security Act. Title XVI incorporates § 406(b) by reference, and likewise permits the award of attorney's fees for successful SSI claims. *See* 42 U.S.C. § 1383(d)(2); *Napier v. Comm'r of Soc. Sec.*, 190 F. App'x 458, 459-60 (6th Cir. 2006). The same analysis applies in deciding motions for attorney's fees under both statutes. *See id.*

copy of the award letter from the Commissioner informing Plaintiff that he will receive $42,576.00 in past-due SSI benefits. Doc. 22-4.

The Commissioner filed a memorandum in opposition to counsel's request for $10,644.00 in fees (doc. 23), and Plaintiff filed a reply memorandum (doc. 24).

## I.

Title XVI of the Social Security Act authorizes the Court to award attorney's fees following the successful prosecution of Social Security disability appeals. 42 U.S.C. § 1383(d)(2). However, such fees may not exceed 25% of the past-due benefits which the claimant receives as a result of the appeal. *Id.* Furthermore, the attorney must show, and the Court must affirmatively find, that a contingency fee sought, even one within the 25% cap, is reasonable for the services rendered. *Gisbrecht v. Barnhard*, 535 U.S. 789, 807 (2002). The Social Security Act "does not displace contingen[cy]-fee agreements," but rather "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.* A 25% contingency fee agreement "should be given the weight ordinarily accorded a rebuttable presumption." *Rodriquez v. Brown*, 865 F.2d 739, 746 (6th Cir. 1989). A reduction of a contingency fee award may be appropriate when counsel acts improperly or provides ineffective assistance, or when "counsel would otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended." *Id.* Such an award is not improper merely because it results in an above-average hourly rate. *Royzer v. Sec'y of Health & Human Servs.*, 900 F.2d 981, 981-82 (6th Cir. 1990). As the Sixth Circuit explained:

> It is not at all unusual for contingent fees to translate into large hourly rates if the rate is computed as the trial judge has computed it here [dividing the hours

> worked into the amount of the requested fee]. In assessing the reasonableness of a contingent fee award, we cannot ignore the fact that the attorney will not prevail every time. The hourly rate in the next contingent fee case will be zero, unless benefits are awarded. Contingent fees generally overcompensate in some cases and undercompensate in others. It is the nature of the beast.

*Id.* "A hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable." *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 422 (6th Cir. 1990).

Here, counsel's itemized statement indicates that she, her co-counsel, and her staff spent a total of 75.25 hours representing Plaintiff before this Court (33.75 hours for one attorney; 37.25 hours for a second attorney; and 4.25 hours for a staff member). *See* doc. 22-2. The Court agrees with the Commissioner's argument -- that 75.25 is an unusually high number of hours to work on a Social Security disability appeal before this Court. *See Hayes*, 923 F.2d at 420 (noting the average number of hours in Social Security disability appeals ranges from 30 to 40 hours). Nonetheless, the Court does not find that a reduction of the contingency fee award is warranted because the requested amount is reasonable even if the Court only counted the 33.75 hours expended in this appeal by the requesting counsel, and excluded the hours of her co-counsel and staff. With a reduced number of 33.75 hours, counsel's requested fee of $10,644.00 calculates to be an approximate hypothetical hourly rate of $315.50. Using a conservative hourly rate of $175, *see Vaughn*, *infra*, the requested contingency fee is *per se* reasonable because the hypothetical hourly rate is less than $350.00 (*i.e.*, twice of $175.00). *See Hayes*, 923 F.2d at 422.

Further, there have been no allegations of, nor has the Court found any instances of, improper attorney conduct or ineffectiveness of counsel which would cause the Court to reduce

the amount of the requested fee.[3] Quite to the contrary, Plaintiff was well represented by counsel in this case. Therefore, counsel's motion for attorney's fees under the Social Security Act should be granted. *Accord Vaughn v. Astrue*, No. 3:08-cv-377, 2012 U.S. Dist. LEXIS 117073, at *7, 2012 WL 3585928, at *3 (S.D. Ohio Aug. 20, 2012) (Merz, M.J.), *adopted in* 2012 U.S. Dist. LEXIS 128481 (S.D. Ohio Sept. 10, 2012) (Rice, J.) (finding a contingency fee award is reasonable, pursuant to *Hayes*, as the hypothetical hourly rate calculated to be less than twice a conservative hourly rate of $180.00).[4]

## II.

### IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's motion for attorney's fees under the Social Security Act (doc. 22) be **GRANTED**, and Plaintiff's counsel be **AWARDED** the sum of $10,644.00 in attorney's fees; and

2. As no further matters remain pending for review, this case remain **TERMINATED** upon the Court's docket.

August 30, 2013                                     s/ **Michael J. Newman**
United States Magistrate Judge

---

[3] The Court further notes that Plaintiff's counsel represented him at the administrative hearing, as well as before the Appeals Council. *See* docs. 22-1 at PageID 165, 22-6. To that end, this is clearly not a case in which "minimal effort" was expended. *See Royzer*, 900 F.2d at 982.

[4] Finally, the Commissioner's argument -- that the contingency fee award should be reduced because Plaintiff's counsel did not request attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA") -- is unavailing. An attorney is not automatically entitled to fees and costs under EAJA when he or she represents the prevailing party; but, rather, EAJA fees are awarded only when the government's position is not substantially justified. *See Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 445 (6th Cir. 2009). In response to the Commissioner's argument, Plaintiff's counsel explains that she did not move for EAJA fees because she did not believe such fees were warranted given the facts of this case. *See* doc. 24. As a general matter, counsel should request fees and costs under EAJA when he or she can make a credible argument that the government's position was not substantially justified, in order to reduce the amount of attorney's fees owed by the claimant. *See Wells v. Bowen*, 855 F.2d 37, 42 (2d Cir. 1988). However, the Court does not find that the contingency fee should be reduced based upon counsel's decision to not do so in this case.

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B)(C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).